**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| 425 Third Street SW, Suite 800 | ) |
| Washington, DC 20024, | ) |
| | ) |
| Plaintiff, | )    Civil Action No.: |
| | ) |
| vs. | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| 950 Pennsylvania Avenue, NW | ) |
| Washington, DC 20530, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

Transportation to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552

("FOIA").  As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.    The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.     Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability,

and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue N.W., Washington, DC 20530.  Defendant DOJ has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On February 18, 2026, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation (FBI), a component of Defendant, seeking access to the following public records:

> All records in main files or cross-referenced files related to the investigation of artwork stolen in 1969 from the Museum of the Cross in Sarasota, Florida.  Such records shall include, but not be limited to, investigative reports, witness summaries (Forms 1023), letterhead memoranda, agents' handwritten notes, communications in any form, crime scene photographs, fingerprints, evidence logs, and any other records.  (This request slightly modified a similar request sent on Dec. 11, 2025 with a corrected year of the date of the art theft.)

6.      The FBI confirmed receipt of the request by email dated February 18, 2026.

7.      Plaintiff did not receive a formal letter of acknowledgment with the agency's tracking number for Plaintiff's request, and Plaintiff has not received any other communication from Defendant regarding this request.

8.      As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

9.    Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10.    Defendant is in violation of FOIA.

11.    Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12.    Plaintiff has no adequate remedy at law.

13.    To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by March 18, 2026.  Because Defendant failed to issue a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  April 6, 2026

Respectfully submitted,

*/s/  Ramona R. Cotca*
Ramona R. Cotca
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email: rcotca@judicialwatch.org

*Attorneys for Plaintiff*

4