**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,

      Plaintiff,

v.

                                Civ. A. No. 26-1166 (LLA)

U.S. DEPARTMENT OF JUSTICE,

      Defendant.

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, United States Department of Justice ("DOJ"), by and through its undersigned counsel, hereby answers the Complaint (ECF No. 1) filed by Plaintiff Judicial Watch in this Freedom of Information Act ("FOIA") case.  Defendant expressly denies each and every allegation in the Complaint not specifically admitted or otherwise qualified herein.  Defendant reserves its right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of the litigation.  To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; but such references are not intended to be, and should not be construed to be, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff; (2) relevant to this, or any other, action; or (3) admissible in this, or any other, action.

//

//

//

//

## COMPLAINT[1]

This paragraph consists of Plaintiff's characterization of this action, to which no response is required.

## JURISDICTION AND VENUE

1.      This paragraph consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

2.      This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district.

## PARTIES

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      Defendant admits it is a federal agency headquartered in Washington, D.C., and is subject to the requirements of the FOIA.  The remainder of this paragraph constitutes Plaintiff's characterization of this action, to which no response is required.

## STATEMENT OF FACTS *(as alleged)*

5.      Defendant asserts Plaintiff submitted an initial FOIA request, dated December 11, 2025.  Defendant admits Plaintiff resubmitted a duplicate FOIA request, dated February 18, 2026. Defendant confirms that Paragraph 5 contains an accurate excerpt of Plaintiff's FOIA request.

6.      Admitted.

---

[1] Merely for ease of reference, the Defendant's Answer replicates the headings contained in the Complaint. Although the Defendant believe no response is required to such headings (Fed R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

7.      Defendant denies the allegations in Paragraph 7. Defendant acknowledged receipt of Plaintiff's initial FOIA request via a letter dated December 16, 2025 and assigned it FOIA number 1705459-000.

8.      Defendant denies the allegations in Paragraph 8.

### COUNT 1 *(as alleged)*

9.      Defendant incorporates by reference its responses to all preceding paragraphs.

10.     Defendant denies the allegations in paragraph 10.

11.     This paragraph consists of Plaintiff's characterization of this action, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12.     This paragraph consists of Plaintiff's conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13.     This paragraph consists of conclusions of law, to which no response is required.  To the extent a response is required, Defendant admits only that as of the date of Plaintiff's complaint, it has not provided a final response to Plaintiff's request.

### PRAYER FOR RELIEF *(as alleged)*

The remainder of the complaint contains Plaintiff's requests for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief,.

Defendant denies all allegations of the Complaint not expressly admitted or denied above.

### AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendant raises the following defenses.  Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant

3

through the course of this litigation.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted, as Defendant has not unlawfully withheld any records within the meaning of the FOIA, 5 U.S.C. § 522 or the Privacy Act, 5 U.S.C. § 522a.

### SECOND DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under FOIA.

### FOURTH DEFENSE

Defendant has exercised due diligence in response to Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiff's FOIA request.

### FIFTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs.

### SIXTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

4

**SEVENTH DEFENSE**

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**EIGHTH DEFENSE**

Plaintiff's request fails to comply with the requirements of FOIA to the extent the request fails to reasonably describe the records sought or present an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.


Dated: May 6, 2026
       Washington, DC

<div style="margin-left:40%">

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Catherine J. Malycke*
CATHERINE J. MALYCKE
VA Bar No. 84952
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 809-3495
Catherine.Malycke@usdoj.gov

*Attorneys for the United States of America*

</div>

5